ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 16 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GERALD SHENKMAN, | :<br>: |
| Plaintiff, | :<br>: |
| v. | : CIVIL ACTION FILE<br>:<br>: NO. 1-09-CV-3171 |
| MANN BRACKEN, LLP,<br>a Delaware limited liability partnership, | :<br>: |
| Defendant. | : |



## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq., and the Georgia Fair Business Practices Act, O.C.G.A. §§ 10-1-390 et seq.

### SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and decide any related issues of law.

## PARTIES AND PERSONAL JURISDICTION

4. Plaintiff is a resident of this State and District and is authorized by law to bring this action.

5. Defendant **MANN BRACKEN, LLP** is a limited liability partnership organized under the laws of the State of Delaware. [Hereinafter, said Defendant is referred to as "MANN BRACKEN."]

6. MANN BRACKEN, LLP was formed by a merger of Wolpoff & Abramson, LLP, Eskanos & Adler, P.C. and Mann Bracken, LLC.

7. **MANN BRACKEN** is subject to the jurisdiction and venue of this Court.

8. **MANN BRACKEN** may be served by personal service upon its registered agent in the state of Georgia, to wit: Corporation Process Company, 328 Alexander Street, Suite 10, Marietta, Georgia 30060.

9. Alternatively, **MANN BRACKEN** may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the State of Georgia.

## FACTS COMMON TO ALL CAUSES

10. MANN BRACKEN uses the mails in its business.

11. MANN BRACKEN uses telephone communications in its business.

12. The principle purpose of MANN BRACKEN's business is the collection of debts.

13. MANN BRACKEN regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

14. MANN BRACKEN is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

15. In the course of attempting to collect a debt allegedly due from Plaintiff to a business not a party to this litigation, MANN BRACKEN performed acts which violated the Federal Fair Debt Collection Practices Act.

16. MANN BRACKEN performed acts which violated the Georgia Fair Business Practices Act.

17. On or about November 3, 2006, Defendant's predecessor and merger-partner Wolpoff & Abramson, LLP filed a demand for arbitration with the National Arbitration Forum in an attempt to collect a debt allegedly due to its client, FIA Card Services, N.A. f/k/a MBNA America Bank, N.A.

18. The alleged underlying debt is the alleged personal credit card account of Mr. Shenkman.

19. On or about May 30, 2007, the National Arbitration Forum issued an award in favor of FIA Card Services, N.A. f/k/a MBNA America Bank, N.A. and against Plaintiff. [Hereinafter, said arbitration award will be referred to as the "AWARD."]

20. On or about May 31, 2007, the Director of the National Arbitration Forum certified that a copy of the AWARD was delivered to the parties.

21. On or about August 21, 2007, Plaintiff filed a petition to vacate the AWARD in the County Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, Case Number 502007CC011325XXXXNB. [Hereinafter, said civil case will be referred to as the "FLORIDA ACTION."]

22. Defendant's predecessor and merger-partner Wolpoff & Abramson, LLP represented FIA Card Services, N.A. f/k/a MBNA America Bank, N.A. in the FLORIDA ACTION.

23. On December 7, 2007, Defendant's predecessor and merger-partner Wolpoff & Abramson, LLP filed an application to confirm the AWARD in the FLORIDA ACTION.

24. On or about February 28, 2008, the Honorable Cory Cirklin of the County Court in and for Palm Beach County, Florida issued an order vacating the AWARD.

25. On or about April 17, 2009, Defendant MANN BRACKEN filed a petition to confirm the AWARD on this same alleged debt against Plaintiff in the Superior Court of Towns County, Georgia.

26. The action referenced in the preceding paragraph was styled <u>FIA Card Services, N.A., f/k/a MBNA America Bank, N.A. v. Gerald Shenkman</u>, Superior Court of Towns County, Civil Action File Number 09-CV-122-DB. [Hereinafter, said civil case will be referred to as the "GEORGIA ACTION."]

27. At the time that the GEORGIA ACTION was filed, more than one year had passed since the delivery of the arbitration AWARD.

28. O.C.G.A. section 9-9-12 provides that "[t]he court shall confirm an award upon application of a party made <u>within one year</u> after its delivery to him, unless the award is vacated or modified by the court as provided in this part." (Emphasis added.)

29. The Georgia Supreme Court has interpreted this Code section as follows:

> [T]he statutory scheme for confirmation contemplates certain prerequisites to maintaining an arbitration confirmation action. OCGA § 9-9-12 provides that a party seeking confirmation of an arbitration award must apply for confirmation with a trial court "within one year after its delivery to him . . .." <u>Thus, a party seeking confirmation of an arbitration award must comply with the one-year time requirement</u>.
>
> <u>Hardin Construction Group, Inc. v. Fuller Enterprises, Inc.</u>, 265 Ga. 770, 772, 462 S.E.2d 130 (1995) (emphasis added).

30. At the time that the GEORGIA ACTION was filed, the AWARD had been vacated in the FLORIDA ACTION.

31. The Defendant knew, or had reason to know by operation of being the attorneys of record in both the FLORIDA CASE and the GEORGIA CASE, that the claims and issues framed by the GEORGIA CASE had already been adjudicated.

32. The Petition to Enforce Arbitration Award [hereinafter the "GEORGIA PETITION"] in the GEORGIA CASE appears to have been signed by an attorney from the Atlanta office of MANN BRACKEN.

33. A copy of the AWARD was attached to the GEORGIA PETITION.

34. The AWARD clearly shows on its face that it was issued on May 30, 2007 and that it was delivered to the parties on May 31, 2007.

35. Any one reviewing the GEORGIA PETITION and the attached AWARD would have been on notice of facts clearly showing that the GEORGIA CASE was being filed out of time.

36. Further, MANN BRACKEN was on actual notice that the AWARD had been previously vacated in the FLORIDA ACTION.

37. After reasonable opportunity for discovery, it may appear that the GEORGIA CASE was filed without meaningful review and involvement by an attorney.

38. In mid-July 2009, Defendant sent Mr. Shenkman written materials by mail pertaining to the alleged debt that did not include the language mandated by 15 U.S.C. section 1692e(11).

39. Specifically, the mailing of mid-July 2009 did not disclose that the communication was from a debt collector.

40. As a result of the Defendant's actions, Plaintiff had to expend his time, effort and energy to defend the GEORGIA CASE which was brought unnecessarily against Plaintiff.

41. As a result of the Defendant's actions, Plaintiff had to hire an attorney to represent him in the GEORGIA CASE.

42. As a result of the Defendant's actions, Plaintiff incurred attorneys fees and costs to defendant the GEORGIA CASE.

43. As a result of the Defendant's actions, Plaintiff suffered worry, concern, anxiety and emotional distress.

44. Defendant's actions violate the Fair Debt Collection Practices Act.

45. Defendant's actions violate the Georgia Fair Business Practices Act.

46. Plaintiff has complied with all conditions precedent to bring this action.

47. All conditions precedent have occurred.

48. Plaintiff has provided Defendant with written ante-litem notice more than thirty-days prior to the commencement of this action.

## CAUSE OF ACTION

### COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

49. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

50. Defendant's violations of the FDCPA include, but are not limited to, the following:

51. Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person, in violation of 15 U.S.C. § 1692d;

52. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;

53. The false representation of the character, amount or legal status of any debt, in violation of 15 U.S.C. § 1692e(2)(A);

54. The false representation or implication that any individual is an attorney or that any communication is from an attorney, in violation of 15 U.S.C. § 1692e(3);

55. The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C.§ 1692e(11);

56. The use of unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f; and

57. The collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1).

58. As a result of Defendant's actions, Plaintiff is entitled to an award of actual and statutory damages, as well as an award of costs and attorney fees.

### COUNT TWO: GEORGIA FAIR BUSINESS PRACTICES ACT

59. Defendant's actions constitute violations of Georgia's Fair Business Practices Act, including but not limited to, the use of unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce.

60. As a result of the defendant's actions, Plaintiff is entitled to an award of actual, general, treble and exemplary damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

    a) That Plaintiff be awarded actual, general, treble, exemplary and statutory damages;

    b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c) That the Court declare each and every defense raised by Defendant to be insufficient; and

d) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

_____
Kris Skaar
Georgia Bar No. 649610
James M. Feagle
Georgia Bar No. 256916

**SKAAR & FEAGLE, LLP**
P. O. Box 1478
Marietta, Georgia 30061-1478
330 W. Washington Street
Marietta, Georgia 30060
770 / 427-5600
404 / 601-1855 fax